Florence E. Preston, Plaintiff and Appellee, v. Blas Maldonado, Defendant and Appellant.

No. 5617. Argued March 25, 1931.—Decided June 23, 1931.

*Angel A. Vázquez* for appellant. *González Fagundo & González Jr.* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an injunction proceeding to retain possession of real property where a judgment was rendered in favor of the plaintiff, based on the following findings and conclusions:

"*Findings of fact:* 1. Florence E. Preston, through her attorney in fact Ezequiel Cardona, has had the actual and peaceable possession of the property the object of this suit for the last ten years until the time (November, 1930) when her possession was disturbed by the defendant, Blas Maldonado.

"2. By his repeated acts of disturbance, the defendant showed his intention to deprive plaintiff Florence E. Preston of the possession which she held of the property in question.

"*Conclusions of law:* (*a*) The steps taken by the Marshal of the District Court of Humacao, to eject Florence E. Preston from the premises involved were absolutely null and void, as Florence E. Preston was not a party to, nor was she in any way connected with, the suit wherein there was issued the writ of possession authorized by the District Court of San Juan, to whose jurisdiction the plaintiff herein never submitted (33 Corpus Juris, pp. 1106–1107; Reay v. Butler, 69 Cal. 572); regard also being had for the nature of the proceeding, which was an action of debt and not for the foreclosure of any lien (Rosales v. District Court, 33 P.R.R. 305; Viejo & Rodríguez v. Caloca et al., 35 P.R.R. 429).

"(*b*) The possession by Florence E. Preston, through her agents, of the property involved must be maintained and protected until she has had her day in court and been defeated in the proper action. (Sections 534, 437, and 448 of the Civil Code.)"

On appeal several errors have been assigned, the consideration of all of which would unnecessarily lengthen this opinion. We have studied the case in its entirety: pleadings, evidence, judgment, and briefs; and in our opinion the conclusions reached by the trial court conform to the facts and to the law, and none of the errors on which the appeal is based has been committed.

The act of a marshal in levying execution, at the instance of an interested party, upon a property, constitutes a disturbance which may give rise to the injunction proceeding

authorized by Act No. 43 of March 13, 1913, as amended by Act No. 11 of 1917, where such property was not owned nor possessed by the debtor and the trespassing acts of said interested party were confined to a momentary disposal of the fruit of certain trees, without the agent of the owner of the land being really dispossessed, but on the contrary remaining in possession of the immovable, as happened in the case at bar.

It is evident that the property in question belonged to, and remained in the possession of, the plaintiff notwithstanding she resided outside Puerto Rico. That being so, it is equally evident that it was within the power of said plaintiff to exercise the right secured to her by said injunction statute.

It is also evident that the order which the marshal attempted to execute at the instance of the defendant herein, Blas Maldonado, did not render legal the act of disturbance, as it was entered in an action of debt prosecuted in the district of San Juan wherein a judgment had been rendered for whose execution a piece of property was attached and sold belonging to the plaintiff, who was not a party to the action, said property being located in another judicial district, that of Humacao, and designated as belonging to the defendant, whereas it did not belong to him nor was he in possession thereof. Such an order, made in an action of that kind and under such circumstances, was a mere nullity.

The judgment appealed from must be affirmed.